UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-62 |
| | ) | |
| GARY MUSICK | ) | |

**O R D E R**

This criminal matter is before the Court to address the Defendant Gary Musick's Motion for Leave to Amend and Supplement Defendant Musick's Rule 33 Motion for New Trial. [Doc. 571]. The motion is **GRANTED**. After careful consideration of the record as a whole, it is hereby **ORDERED** as follows in regard to the defendant's additional three grounds:

13. The defendant contends that the presentence reports of George Duarte and Eric Serna should have been disclosed to the defendant. The Sixth Circuit has concluded that the possible use of a presentence report to impeach a witness' credibility or the use of a report as possible Brady material is not a sufficient reason to compel disclosure of a report. *United States v. Sherlin*, 67

F.3d 1208, 1217-1218 (6th Cir. 1995). Therefore, the defendant had no right to disclosure of these reports.

14. The defendant contends that the government should have disclosed the summaries of the interviews of George Duarte or Eric Serna contained in FBI 302s or DEA 6s because these summaries would aide the defendant in confrontation or cross-examination. Under the Sixth Circuit's "Adoption Test," a government report or notes of a witness' statement must be produced "if the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation." *United States v. Williams*, 962 F.2d 1218, 1224 (6th Cir.). The government represented to the Court that these FBI 302s and/or DEA 6s were never adopted or approved by Duarte or Serna. Therefore, these summaries were not subject to disclosure. See *United States v. Farley*, 2 F.3d 645, 654-655 (6th Cir. 1993); *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir.1992).

15. The defendant was not entitled to a mistrial based upon AUSA Sullivan's argument that the defendant could have called the case agent to testify. The case agent was present in court and seated at counsel table as the government's representative during trial. The Court advised the defendant that he could have in fact called the case agent and that the Court would have ordered that the case agent

2

take the witness stand to testify, regardless of any Justice Department rules or regulations to the contrary.

ENTER:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE

3