UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:03-CR-62 |
| | ) | |
| GARY MUSICK | ) | |

MEMORANDUM OPINION

This matter came before the Court on February 28, 2005 for sentencing of the defendant. The parties have filed extensive sentencing memoranda, all of which have been read and considered by the Court.

As a preliminary matter, there is pending a motion filed by the government on February 1, 2005 asking the Court to reconsider certain rulings it made relative to Mr. Musick's criminal history and the application of the career offender provisions of the guidelines to Mr. Musick's case.

In that ruling, this Court held that the defendant should not receive two (2) criminal history points for his juvenile adjudication on May 6, 1998, three (3) criminal history points for his conviction on November 17, 2000 for two (2) counts of the delivery of schedule II drugs, two (2) points for being on probation for his November 17, 2000 conviction and one (1) point for committing the instant offense less than two years following the defendant's release from

custody for the sentence imposed for his November 17, 2000 conviction. Based upon these findings the Court found that defendant's total criminal history points were four (4) based upon his two misdemeanor drug convictions on May 10, 2000 for offenses that occurred on February 21, 2000 and April 26, 2000 and that his criminal history category was, therefore, III. Relying primarily upon *United States v Walker*, 210 F. 3d 373, 2000 WL 353518, * 2-3 (6th Cir. (Mich.)), an unpublished decision of the Sixth Circuit Court of Appeals, this Court concluded that the evidence found during the January 31, 1998 search that led to Musick's 1998 possession charge and the proof that Musick had plead guilty to the distribution of cocaine in 2000 was "inextricably intertwined" with the conspiracy and evidence related to those convictions had been admitted as acts in furtherance of the conspiracy in question by this court during Mr. Musick's trial. The acts were, therefore, part of the instant offense within the meaning of U.S.S.G. § 4A1.1

Arguing that *Walker* has no precedential value and is limited strictly to the facts of that case, the government suggests that the facts of this case are more closely analogous to *United States v Hughes,* 924 F. 2d 1354 (6th Cir. 1991) and *United States v Woodley,* 178 F. 3d 1297 (Table), 1999 WL 220121 (6th Cir. (Tenn.)), another unpublished decision of the Sixth Circuit Court of Appeals.

The government's argument, however, misses a very important point.

Both *Hughes* and *Woodley* deal with the scope of prior convictions for mandatory minimum purposes under 21 U.S.C. Section 841(b)(1)(A) and not with the scope of prior convictions for criminal history computations under the guidelines. § 841 provides for a mandatory minimum sentence if any person commits a drug offense "[a]fter two or more prior convictions for a felony drug offense have become final . . ." The issue before this Court is not whether or not Mr. Musick has prior convictions such that a mandatory minimum term of imprisonment is implicated but rather whether or not he has prior convictions which are countable for criminal history points under § 4A1.1 of the sentencing guidelines. The term "prior sentence" under § 4A1.1 means any sentence previously imposed for conduct **not part** of the instant offense, language that is considerably more restrictive in terms of defining a prior sentence than the language used in § 841(b)(1)(A).

Having previously found that the events leading to the prior convictions at issue were in fact part of the offense for which Mr. Musick was on trial, as the government urged, rather than 404(b) type evidence, these acts were conduct that was part of the instant offense and these offenses are not a "prior sentence" for purposes of calculating the defendant's criminal history category.

Accordingly, the government's motion to reconsider this Court's

3

prior calculation of the defendant's criminal history category is **DENIED**.

The government likewise argues that Mr. Musick should be classified as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1. This court previously concluded that such was not the case because Mr. Musick's juvenile adjudication, for offenses committed prior to age 18, was neither classified as an adult conviction under the laws of the state of Tennessee nor was Mr. Musick sentenced as an adult.

The government cites to several Tennessee cases which permit the use of a previous juvenile adjudication to enlarge a subsequent sentence for conviction of a felony. Those cases, however, are not on point. Clearly, the definition of prior felony conviction in § 4B1.2 excludes a conviction for an offense committed prior to age 18 unless it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted. The government has offered no case that indicates that juvenile adjudications are routinely classified as adult convictions under the laws of the State of Tennessee.

There is, perhaps, an even more fundamental reason why Mr. Musick's juvenile conviction does not count for purposes of determining whether or not he is a career offender. Having determined that the juvenile adjudication is not counted under § 4A1.1 for criminal history purposes, it

4

likewise could not be counted for career offender purposes pursuant to § 4B1.2(c) which provides that the predicate offenses must be counted separately under the provisions of 4A1.1(a),(b) or (c). Since the juvenile adjudication is not counted pursuant to 4A1.1(a)(b) or (c), it could not be considered for career offender purposes.

The government's motion to reconsider with respect to the career offender provisions applicable to this case is, likewise, **DENIED**.

Now, turning to the appropriate sentence in this case, there are a couple of other issues that the Court must address. As this Court indicated in its January 21, 2005 order, calculating Mr. Musick's guideline sentence based upon his money laundering conviction would yield an advisory sentencing range of 151 to 188 months. Defendant objects to that calculation and argues that this court cannot make independent findings of fact in order to increase the defendant's sentence beyond that authorized by the United States Sentencing Guidelines based upon the jury's verdict.

The Court of Appeals has clearly rejected that position in its decision in *United States v Milan,* --- F.3d ----, 2005 WL 309934, *3 (6th Cir.(Tenn.)), decided on February 10, 2005. Although the court remanded the defendant's case for resentencing because he was sentenced at a time when the guidelines were considered mandatory, the Sixth Circuit made it clear that

5

when the district court determines his sentence anew, it will no longer be constrained by the sentencing ranges prescribed by the guidelines but must rather sentence to a term "within the statutory minimum and maximum" so long as the sentence on the whole is reasonable.

Since the applicable guideline sentence is one of the factors which this court must consider in determining an appropriate sentence for Mr. Musick, the parties were requested to submit pleadings to the court calculating an appropriate guideline range based upon drug quantities as those quantities would have been calculated pre-Blakely/Booker.

Interestingly, both parties have calculated an offense level of 34 with a sentencing range of 188 to 235 months based upon drug quantity. While the defendant asserts that this level is arrived at by considering all of the weights for which Mr. Musick was acquitted, such is not completely the case.

Based upon the testimony of George Duarte, corroborated by the testimony of Eric Serna, this Court finds, by a preponderance of the evidence, that the least amount of cocaine for which the defendant is responsible is 15 kilograms. Therefore, his base offense level would be 32 which would be increased pursuant to U.S.S.G. § 2S1.1(b)(2)(B) by two levels, making a total offense level of 34 which yields an advisory sentencing range of 188 to 235

6

months. The Court notes that considering all of the amounts about which the Court heard testimony at the trial would yield an even higher offense level.

In determining a reasonable sentence for Mr. Musick, this Court is now required, post *Booker*, to consider each of the factors set forth in Title 18 U.S.C. § 3553(a). That section directs the court to consider the following:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Federal Sentencing

7

Guidelines;

5. Any pertinent policy statement issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense.

With respect to the nature and circumstances of the offense, this Court will simply note that drug trafficking and money laundering offenses are serious offenses. Trafficking in illegal narcotics is a serious problem in our society and both Congress and the public at large have clearly demanded that those who commit these offenses be punished.

When considering the history and circumstances of this defendant, there are a number of factors that are substantial in the Court's mind. The defendant is a very young man, 24 years of age, who appears to have made a decision early in life to use his talents, which appear to be fairly substantial, for illegal and illicit purposes rather than for productive purposes.

He likewise appears to be an individual who is not amenable to rehabilitation and does not appear to have learned anything from his mistakes.

He has sustained convictions for drug related activities on four prior occasions. While the Court has determined that some of these convictions do not qualify the defendant as a career offender, nor count toward his criminal history, they nevertheless exhibit a total disregard on the part of this defendant for the law. After his conviction for each of those offenses, the defendant had ample opportunity to discontinue his involvement in unlawful drug activity. Despite the fact that these prior convictions do not qualify the defendant as a career offender, they are exactly the kind of repeat criminal behavior that Congress has targeted in numerous statutes for imposition of a harsher penalty than would otherwise be applicable. In addition, there was proof at trial that this defendant has engaged openly in gambling activities which were clearly illegal under state law.

      Nor can the Court ignore proof excluded at trial that the defendant fashioned himself as a big time drug kingpin as evidenced by his apparent fascination with Pablo Escobar and John Gotti as well as his statement to one of the officers involved that "Big drug dealers go to trial." The bathroom of the defendant's home can only be described, as the government has done, as a shrine to Pablo Escobar. Not only that, the defendant had apparently been cataloging all of the drug cases reported in the local news media and had been tracking legislative developments throughout the United States regarding the

9

drug laws.

This Court also believes that this defendant purposely and intentionally embroiled his mother in his illegal and illicit activities and used her to help him promote his criminal activities. While the Court finds his expressions of concern for his mother, made on his behalf on more than one occasion by his attorney, to be laudable, the Court finds his actions to exhibit a total lack of concern for the welfare of his mother who, the Court is convinced, would not have otherwise been disposed to engage in the activities that led to her conviction.

The Court also finds it to be an important consideration in this case to protect the public from further crimes committed by this defendant. As noted earlier, he does not appear to be a person amenable to rehabilitation nor does he appear to learn from past mistakes. Not only that, he has exhibited throughout the pendency of this case a total lack of acceptance of responsibility for his actions and has shown absolutely no remorse for his criminal activities or the results and consequences thereof. Throughout various pretrial proceedings, the trial of this case and post trial proceedings, the Court has observed very carefully the demeanor of this defendant. The demeanor he displayed was a smug, self-confident, even arrogant, attitude consistent with a total lack of remorse. The defendant's refusal to respond to any questions

10

posed to him by the probation officer concerning alcohol or drug use or history of treatment for substance abuse similarly reflects that attitude.

As the Court has previously indicated, it is the Court's view that the Federal Sentencing Guidelines, although advisory and only one factor to be considered among others, are entitled to significant weight in the sentencing decision. As set forth above, at the very best, defendant's conduct in this case establishes an advisory guideline range of 188 to 235 months. In determining a reasonable sentence for Mr. Musick in this case, the Court notes that Title 18 U.S.C. § 3553(a) requires only that the Court consider the factors set forth in that section and does not address the weight to be given by the Court to each of the factors set forth. That decision is discretionary with the Judge and depends upon the facts and circumstances in the given case. Because the United States Sentencing Commission has taken into account most of the factors set forth in § 3553(a), the guideline range is entitled to significant weight. In addition, the guidelines are the only objective guidelines available for district judges to follow in attempting to fashion a sentence which will avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

Having considered all of the factors set forth in § 3553(a), and after consideration of the various sentencing memoranda submitted by the

parties in this case, it is the judgment of this Court that the defendant, Gary Musick, should be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 235 months as to counts 1, 3, 4 and 7, all sentences to be served concurrently. The Court finds that this sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct and protects the public from further crimes of this defendant.

    ENTER:

                                       s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE